UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN KING,

                Petitioner,                      Case Number 07-15134
                                                            Honorable David M. Lawson

v.

GARY J. CAPELLO,

                Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Adrian King was convicted following a bench trial in the Wayne County, Michigan circuit court of assault with intent to commit murder, Mich. Comp. Laws § 750.83, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, discharging a firearm toward a building, Mich. Comp. Laws § 750.234b, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  He was sentenced as a third-time habitual felony offender to concurrent prison terms of 35 to 70 years for assault, 2 to 5 years for being a felon in possession of a firearm, and 2 to 4 years for discharging a firearm toward a building.  Those sentences are to be followed by a consecutive two-year term for the felony firearm conviction.  The petitioner presently is serving those sentences at the Baraga Maximum Correctional Facility in Baraga, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus against the warden under 28 U.S.C. § 2254, alleging that his convictions are unconstitutional because there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he was the perpetrator of the crimes.  The respondent argues that the state court reasonably decided the claim against the petitioner.  The Court agrees.

I.

The following evidence was presented at the petitioner's bench trial. Lorraine Haynes-Thornton testified that on the evening of January 12, 2005, she went to a friend's house with the petitioner, her boyfriend at the time, to smoke marijuana and drink alcohol. While they were at the house, the petitioner starting "bothering" her. As a result, Ms. Haynes-Thornton left alone and walked home.

A few minutes after she arrived home, the petitioner came over, noticed that Ms. Haynes-Thornton had changed her clothes, and accused her of cheating on him. The petitioner then began to assault Ms. Haynes-Thornton by pulling her hair. He then forcibly removed her pants and began to punch her in the lip and on the head, and knocked her dentures out of her mouth.

Haynes-Thornton then started hitting the petitioner, and in her opinion she began to get the best of him. When the petitioner asked her to stop, she walked away from him. The petitioner then put his hand in his back pocket, produced a small hand gun, and shot her through her mouth. He shot her four more times, including once in her spine. Haynes-Thornton collapsed to the floor.

The petitioner asked, "Why did you make me do this to you?" Ms. Haynes-Thornton, trying to avoid being shot again, attempted to consol and caress the petitioner. While the petitioner was crying and assuring Ms. Haynes-Thornton that she was not going to die, Haynes-Thornton told him, "Adrian, Adrian while you talking to me, I'm going to die." She asked the petitioner to call 911, but the telephone in the bedroom had been damaged during the struggle.

The petitioner retrieved Ms. Haynes-Thornton's cell phone, and she then tried twice to call 911, but the emergency operator did not believe that she had been shot and would not send an ambulance. The 911 tape was played for the trial court. On the tape, Ms. Haynes-Thornton was

heard saying, "My husband shot me." Ms. Haynes-Thornton explained at trial that "at that point [the petitioner] was still in the house, and he had told me that he wasn't going to jail. So I wasn't taking no chances on saying he did it at that point." Trial Tr. at 43.

The petitioner left the premises, and Ms. Haynes-Thornton then called her son, who initiated a three-way call with the local police precinct. Ms. Haynes-Thornton told the police officer that Adrian King had shot her. Eventually police and emergency services arrived, and she was taken to the hospital.

Police Officer Ronald Hopp testified that he arrived at Ms. Haynes-Thornton's house and discovered her bleeding on the floor of her bedroom. She told him that Adrian King, her boyfriend, had shot her. The petitioner was arrested later that night at his own home. A police officer performed a gunshot residue test on the petitioner, which yielded negative results.

The trial court found the petitioner guilty and later sentenced him to prison, as stated earlier. In his direct appeal, the petitioner raised two claims: (1) the evidence presented at trial was insufficient to prove beyond a reasonable doubt that the petitioner was the perpetrator, and (2) the sentencing guidelines were scored incorrectly. The Michigan Court of Appeals affirmed the convictions and sentences. *People v. King*, No. 263046, 2006 WL 3114310 (Mich. Ct. App. Nov. 2, 2006). The Michigan Supreme Court denied the petitioner's application for leave to appeal. *People v. King*, 477 Mich. 1033, 727 N.W.2d 614 (2007) (table).

The petitioner filed a timely petition for habeas corpus, raising two claims:

I.   Adjudication of insufficient evidence in a Michigan Court of Appeals proceeding resulted in decision that was contrary to clearly established federal law, as determined by the United States Supreme Court.

> II.     Adjudication of insufficient evidence resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Pet. at 11. The respondent opposed the petition on the merits.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11; *see also Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489-90 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).

Both of the petitioner's habeas claims challenge the sufficiency of the evidence. The petitioner argues that because (1) the victim had used marijuana and alcohol on the night of the shooting, (2) the victim initially identified her husband as the shooter, and (3) the petitioner initially tested negative for gunshot residue, no rational trial of fact could have found beyond a reasonable doubt that the victim's testimony that the petitioner was the perpetrator was truthful. The Michigan Court of Appeals rejected these argument, stating:

> Defendant first argues on appeal that the evidence was insufficient to establish that he was the perpetrator. Defendant notes that despite her identification of him at trial as her assailant, the complainant originally told a 911 operator that her husband had shot her. Also, he asserts that she was not a credible witness because she had smoked marijuana and had consumed brandy earlier on the evening of the assault. Further, he points out that police did not find the gun used in the assault or any bloody clothing in defendant's residence when he was arrested. Moreover, defendant argues, gunshot residue tests did not reveal dispositive evidence that gunshot residue was on him.
>
> This Court reviews sufficiency of the evidence challenges de novo. *People v. Wolfe*, 440 Mich. 508, 513 (1992). In reviewing such a challenge, the evidence is viewed in the light most favorable to the prosecution to determine whether a rational trier of fact was justified in finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v. Tombs*, 260 Mich. App. 201, 206-207 (2003). Determining the weight of the evidence and credibility of witnesses is the role of the finder of fact. *Wolfe,* supra at 514.
>
> The complainant positively identified defendant at trial as the person who shot her. A positive identification by the victim of a defendant as being the perpetrator is enough to establish identity beyond a reasonable doubt. *People v. Davis*, 241 Mich. App. 697, 700. Although the complainant may have been under the influence of intoxicants at the time of the offense, we defer to the trial judge's assessment that she was nonetheless credible. *See Wolfe,* supra at 514.

>   Although it is true that the complainant initially told a 911 operator that her husband had shot her, she testified that she did this because defendant was still in the room when she placed the call, and she was fearful that he would shoot her again if she told the truth. Moreover, the trial judge noted that the complainant could be heard on the 911 tape talking to an individual she identified as "Adrian." She also told the police officers responding to the scene that defendant shot her, correcting, at the earliest opportunity, her previous statement to the 911 operator. Further, the failure to find the gun used, bloody clothing, or any gunshot residue was not significant given the time that passed between the assault and defendant's arrest. Defendant had ample time during this period to dispose of the gun and clothing and to wash away any gunshot residue.

*People v. King*, 2006 WL 3114310 at *1.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is

>   whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original). A federal court may not reweigh the evidence or redetermine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Ibid.* (citing *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000)). The Court need not be convinced

that the petitioner is actually guilty beyond a reasonable doubt. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

Although the sufficiency of evidence "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002), the Court need not discuss the elements of the crimes charged in this case because the petitioner does not suggest that proof of those elements was wanting. Rather, he alleges that he was not the one who shot Lorraine Haynes-Thornton.

However, based upon the evidence presented at trial, this Court finds that a rational trier of fact could have concluded very easily that the petitioner was the person who committed the crime. Although Ms. Haynes-Thornton admitted that she smoked marijuana and drank alcohol on the night of the shooting, she was not identifying a stranger. Instead, she was attacked by her boyfriend of several months. Ms. Haynes-Thornton named the petitioner as her assailant to the police dispatcher and then again to the first officer to arrive at the scene. Her explanation for naming her husband as the perpetrator during the initial 911 call is rational: the petitioner was still with her at that time and she did not want him to shoot her again. A reasonable fact finder also could have rejected the absence of gunshot residue on the petitioner as inconsequential due to the lapse of time between the shooting and the petitioner's arrest. Viewed most favorably to the prosecution, a rational fact finder could have concluded beyond a reasonable doubt that the petitioner was the one who committed the crimes.

The petitioner's argument amounts to an attack on the credibility of Ms. Haynes-Thornton. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and

-8-

not to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses therefore is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The state courts concluded that the record contained proof beyond a reasonable doubt of the petitioner's guilt. That conclusion is neither contrary to nor an unreasonable application of federal law. Because the petitioner's claim rests on an allegation of the victim's credibility, the determination of which is the province of the fact finder, he is not entitled to habeas relief on this claim. *See Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005).

### III.

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated:   January 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2011.

                                            s/Deborah R. Tofil
                                            DEBORAH R. TOFIL